IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN DASH, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) COLLECTIVE ACTION |
| v. | ) |
| | ) For Violations of the Fair Labor |
| A BETTER GUTTER CLEANING, | ) Standards Act of 1938, As Amended |
| INC., and DAVIS SEABORN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Kevin Dash (hereinafter "Plaintiff" or "Dash"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendants A Better Gutter Cleaning, Inc. ("BGC") and Davis Seaborn ("Seaborn") (collectively referred to as "Defendants") pursuant the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of the overtime provisions of the FLSA by Defendants which have deprived the named Plaintiff of his lawful overtime wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of [himself] and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees pursuant to the FLSA. During the applicable statute of limitations, the Plaintiff was working for Defendants as a foreman.

4. During the applicable statute of limitations prior to the filing of this Complaint, Defendants have committed violations of the FLSA by failing to compensate their employees at an overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid regular and overtime compensation for work performed and an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## III. PARTIES

8. Plaintiff KEVIN DASH resides in Stone Mountain, Georgia (within this District) and is a citizen of the United States. Dash was employed by the Defendants as a foreman at Defendants' gutter cleaning and repair business located at 5075 Roswell Rd NE, Ste E, Atlanta, Georgia 30342. He regularly worked for Defendants within this District.

9. Defendant A BETTER GUTTER CLEANING, INC. is a corporation based in Georgia which conducts business within this State and maintains its principal place of business at 5075 Roswell Rd NE, Ste E, Atlanta, Georgia 30342. Defendant BGC and owns and operates a business providing gutter cleaning and cutter repair to the general public.

10. Defendant BGC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated agent, Dickson Johnston at 5075 Roswell Rd NE, Ste E, Atlanta, Georgia 30342.

11. Defendant DAVIS SEABORN was and is an owner and operator of BGC during the applicable statute of limitations. Johnston was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and can be served at his business address: 5075 Roswell Rd NE, Ste E, Atlanta, Georgia 30342.

12. Defendants maintain either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

13. At all times material to this action, Defendants were enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s)(1) of the FLSA. For example, Defendants regularly utilize a number of goods purchased through interstate commerce (including, but not limited to, vehicles, gasoline, raw materials and tools) and utilizes interstate services (including, but not limited to, contracting with commercial enterprises located within the State of Georgia and processing credit cards from, and with, individuals and companies located outside of Georgia) in its business.

14. Plaintiff regularly participated in interstate commerce during his employment with Defendants. For example, Plaintiff regularly assisted with the installation

of materials manufactured outside of the State of Georgia. Plaintiff regularly utilized interstate means of communication, such as telephones and electronic mail, during his employment with Defendants.

15. Upon information and belief, at all times relevant to this action, Defendants had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendants were "employers" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV. VIOLATIONS OF THE FLSA

18. Plaintiff Dash worked for Defendants as a foreman from May of 2016 through August of 2018. During the period of time material to this action, Defendants employed Plaintiff Dash and other similarly situated employees as gutter cleaners and installers.

19. During the following workweeks, Plaintiff worked in excess of 40 hours without being paid overtime compensation:

5/16/16; 5/23/16; 5/30/16; 6/6/16; 6/13/16; 6/20/16; 6/27/16; 7/4/16; 7/11/16; 7/18/16; 7/26/16; 8/1/16; 8/8/16; 8/15/16; 8/22/16; 8/29/16; 9/8/16; 9/12/16; 9/26/16; 10/3/16; 10/10/16; 10/17/16; 10/24/16; 10/31/16; 11/7/16; 11/14/16; 11/21/16; 11/28/16; 12/5/16; 12/12/18; 12/26/16; 1/2/17; 1/9/17; 1/16/17; 1/23/17; 1/30/17; 2/6/17; 2/13/17; 2/20/17; 2/27/17; 3/6/17;

3/13/17; 3/20/17; 3/27/17; 4/3/17; 4/10/17; 4/17/17; 4/24/17; 5/1/17; 5/8/17; 5/15/17; 5/22/17; 5/29/17; 6/5/17; 6/12/17; 6/19/17; 6/26/17; 7/3/17; 7/10/17; 1/17/17; 7/24/17; 7/31/17; 8/7/17; 8/14/17; 8/21/17; 8/28/17; 9/4/17; 9/11/17; 9/18/17; 9/25/17; 10/2/17; 10/9/17; 10/16/17; 10/23/17; 10/30/17; 11/6/17; 11/13/17; 11/20/17; 11/27/17; 12/4/17; 12/11/17; 12/18/17; 12/25/17; 1/1/18; 1/8/18; 1/15/18; 1/22/18; 1/29/18; 2/5/18; 2/12/18; 2/19/18; 2/26/18; 3/5/18; 3/12/18; 3/19/18; 3/26/18; 4/2/18; 4/9/18; 4/16/18; 4/23/18; 4/30/18; 5/7/18; 5/14/18; 5/21/18; 5/28/18; 6/4/18; 6/11/18; 6/18/18; 6/25/18; 7/2/18; 7/9/18; 7/16/18; 7/23/18; 7/30/18; 8/6/18; and 8/13/18.

20. Plaintiff's typical weekly schedule was 7:30 a.m. to 6:30 p.m., six days a week, and Dash regularly worked in excess of 40 hours per week without any overtime compensation. Mr. Hill was paid $27.00 per hour.

21. During the applicable statute of limitations, Defendants failed to properly compensate Plaintiff for overtime hours worked in violation of the FLSA.

22. Plaintiff claims that overtime wages were not properly paid to him during his employment with defendants in an amount no less than $45,630 (26 [hours of unpaid overtime per week] multiplied by $13.50 [Plaintiff's unpaid hourly overtime compensation] multiplied by 130 [weeks worked during the applicable

statute of limitations]). Under the FLSA, this amount is doubled for liquidated damages, bringing the amount owed to Plaintiff under the FLSA to $91,260.00.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That, at the earliest possible time, he be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants for any operation within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years or if Defendants otherwise deprived them of compensation related to expenses incurred on Defendants' behalf or for all hours worked at the regular rate of pay. Plaintiff will file a motion for conditional certification as soon as practicable.

B. That Plaintiff be awarded damages in the amount of his unpaid compensation plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business;

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded compensatory damages;

F. That Plaintiff be awarded the costs and expenses of this action; and

G. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[1]

Respectfully submitted this 28th day of August, 2018.

/s/ Tyler B. Kaspers

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff

---

[1] A Civil Action Cover Sheet is attached hereto as "Exhibit 1," a Certificate of Interested Persons is attached hereto as "Exhibit 2," and Summonses are attached hereto as "Exhibits 3 and 4."